An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-776

Filed 5 August 2026

Stanly County, No. 21CR052484-830

STATE OF NORTH CAROLINA

v.

VINCENT TODD CARPENTER

Appeal by defendant from judgement entered 5 September 2024 by Judge Kevin M. Bridges in Stanly County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Douglas Conant, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for defendant-appellant.*

PER CURIAM.

Vincent Todd Carpenter ("defendant") appeals a judgment activating a suspended sentence following the revocation of probation after the expiration of the defendant's probation period. For the following reasons, we vacate the judgment without remand.

## I.  Background

On 6 September 2022, a grand jury indicted defendant with felony fleeing to elude arrest, misdemeanor reckless driving, and misdemeanor resisting a public officer.  On 17 May 2023, defendant pled guilty to fleeing to elude arrest and resisting a public officer.  Pursuant to the plea agreement, the charge of reckless driving was dismissed.  Judge Kevin M. Bridges placed defendant on supervised probation for twelve months with a suspended sentence of ninety days imprisonment.

On 25 November 2023, defendant was charged with driving while impaired, driving while license revoked, fleeing and eluding arrest with a motor vehicle, and hit and run with leaving the scene of property damage.  A probation violation report was filed 27 November 2023 with a hearing date contemplated for 2 January 2024.

A probation hearing did not occur until 5 September 2024 before Judge Bridges, nearly a year after the violation report was filed and after the expiration of his probation.  Through counsel, defendant admitted to being convicted of driving while impaired and in violation of his probation terms.  The State presented Probation Officer Williams to testify to defendant's violations and recommended revocation of his probation.  Defendant testified that he pled guilty to the charge of DWI to get out of jail and maintain his job, unaware that it could be the basis for a probation violation.

Judge Bridges found defendant in violation of his probation terms, revoked probation, and activated his ninety day suspended sentence.  Defendant then gave

timely notice of appeal of his sentence.

## II. Discussion

Defendant contends that the trial court judge failed to make a finding of "good cause" as required by N.C. Gen. Stat. § 15A-1344(f) to enter a revocation order following the expiration of his probation period, and that the record is devoid of evidence to support such a finding; therefore, this case must be vacated without remand. We agree.

"[W]hether a trial court has the authority to revoke a defendant's probation after the defendant's term of probation has expired is a jurisdictional question." *State v. Geter*, 383 N.C. 484, 488 (2022). Issues relating to subject matter jurisdiction are reviewed de novo. *Id.* at 489. "The issue of jurisdiction over the subject matter of an action may be raised at any time during the proceedings, including on appeal." *McClure v. Cnty. of Jackson*, 185 N.C. App. 462, 469 (2007).

The court may only revoke probation after expiration where, among other things, "[t]he court finds for good cause shown and state that the probation should be extended, modified, or revoked." N.C. Gen. Stat. § 15A-1344(f). We have held that where a statute uses the language "the court finds" that finding "must actually be made by the trial court and . . . cannot simply be inferred from the record." *State v. Morgan*, 372 N.C. 609, 616 (2019).

Here, the State concedes that the required finding of "good cause shown" was not made. To maintain jurisdiction over defendant following the termination of his

probation period, the trial court was required to make these findings. *Id.* This Court may not infer that there was "good cause shown" by looking only to implication through the record. *Id.* Therefore, the judgment imposing the suspended sentence following revocation of probation is vacated.

For the Court to remand this case back to the trial court, we must find that "the record contain[s] sufficient evidence to permit the necessary finding of 'reasonable efforts' by the State to have conducted the probation revocation hearing earlier.'" *State v. Sasek*, 271 N.C. App. 568, 575 (2020) (quoting *State v. Morgan*, 372 N.C. 609, 616 (2019)). This Court has held where "the record is devoid of any evidence that could support a finding . . . that good cause exists to revoke [d]efendant's probation despite the expiration of his probationary period," we must vacate without remand. *Id.*

The State has requested this Court exercise its discretion to determine whether the case should be remanded or vacated without remand. However, the State concedes that "[t]here is no indication within the record as to why the January 2024 court date did not occur and why it was then pushed back to September 2024." There is no evidence of the required reasonable efforts by the state to conduct the hearing prior to the expiration of defendant's probationary period. There is no explanation as to why the January hearing was delayed until September. Therefore, we decline to remand the case for further proceedings and vacate the judgment.

### III.   Conclusion

The trial court's decision to revoke defendant's probation and activate his suspended sentence following the expiration of his probation period is vacated without remand.

VACATED.

Panel Consisting of Judges ARROWOOD, HAMPSON, and FREEMAN.

Report per Rule 30(e).